BENJAMIN T. HALL, RESPONDENT, v. JAMES PETTIGROVE, APPELLANT.

*Mechanic's lien — effect of mortgage taken to secure same debt.*

Plaintiff entered into an agreement with defendant, who was in possession of land under a contract, to repair a building thereon for $3,286, and took a mortgage upon other land to secure said sum. Upon the completion of the work he filed a mechanic's lien, foreclosed the mortgage, realizing thereby $1,025, and entered a personal judgment for deficiency.

In an action to foreclose the lien, it was claimed that by taking and foreclosing the mortgage and entering the judgment he had waived his right to the lien. *Held,* that he was entitled to pursue all the remedies he had, until he realized the amount of his claim.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

DYKMAN, J.:

This is an appeal from a judgment entered upon the report of a referee, in an action to foreclose a mechanic's lien. The facts of the case are undisputed. They are, that the defendant Pettigrove was in possession of the premises under a contract of purchase, and made a contract with the plaintiff to repair the building thereon for $3,286, and gave the plaintiff a mortgage upon certain other land to secure the amount. After the work was done, the plaintiff filed the necessary notice to effect his lien, and then foreclosed his mortgage, and realized from it $1,025, which he deducted from the contract-price for the repairs.

In this action, the defendant claims that the mortgage must be regarded as payment, or, at all events, a security of a higher nature than the original contract debt, and must be held to extinguish it.

It appears also in this case that there was a judgment entered against the defendant, Pettigrove, in the foreclosure suit, for deficiency for $2,678.86, and he now claims that as this is a lien upon the premises for the full amount due on the contract, and as the plaintiff has elected to take this personal judgment for the deficiency, the lien must be held to be extinguished.

This last position assumes that the judgment is a lien on this land, which is not true, as the defendant has not the title.

The judgment in this action to foreclose the mechanic's lien gives more power and greater rights than a simple money judgment, and we think he is entitled to pursue all the remedies he has until he realizes his claim.

Judgment affirmed, with costs.

Present — DYKMAN and PRATT, JJ.    BARNARD, P. J., not sitting.

Judgment affirmed, with costs.